IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHARINE JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-406-D |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | (Remanded to Cleveland County |
| COMPANY; ROBERT WATSON; and ) | District Court, Case No. |
| BOB WATSON INSURANCE ) | CJ-2024-1309) |
| AGENCY, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 11]. Defendants filed a response [Doc. No. 12], to which Plaintiff replied [Doc. No. 13]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff's property was damaged in a fire on July 4, 2023. Plaintiff filed a claim with her homeowner's policy, issued by State Farm, and an inspection was performed on or about August 2, 2023. Plaintiff alleges that State Farm's own estimate of the damage exceeded $500,000.00, yet Plaintiff's dwelling coverage limit was only $301,600.00, and Plaintiff's personal property limit was $165,880.00. Plaintiff alleges that her "personal property was underinsured by more than $100,000.00" and that "Plaintiff's coverage for costs necessary to bring her home up to code … was also insufficient." [Doc. No. 11, at 7-8].

For her claims against Robert Watson and Bob Watson Insurance Agency, Inc., Plaintiff alleges that she was "significantly underinsured due to Watson's actions/inactions and has been financially harmed as a result." [Doc. No. 1-4, at 2]. Specifically, Plaintiff alleges that, a year before the fire, "Plaintiff was advised by Watson at that time that her policy limits remained sufficient to replace the property in the event it was damaged or destroyed." *Id.* Plaintiff also alleges that Watson breached duties owed to Plaintiff by "renewing a policy which did not accurately reflect the replacement cost of Plaintiff's dwelling," "utilizing valuation software to calculate the replacement cost of Plaintiff's dwelling, knowing such software was inaccurate and unreliable," "grossly underinsuring Plaintiff," "failing to adhere to State Farm's underwriting guidelines," and "failing to undertake an adequate inspection of the property." [Doc. No. 1-4, at 6-7]. Plaintiff further alleges that Watson "failed to accurately and truthfully answer Plaintiff's questions regarding the policy coverages, by promising Plaintiff the policy coverage selected and calculated by State Farm for Plaintiff was correct and would fully repair and/or replace the property, back to its pre-loss condition in the event of a loss." *Id.* at 7.

Defendants timely removed the case to this Court. In their Notice of Removal [Doc. No. 1], Defendants contend that complete diversity exists under 28 U.S.C. § 1332, and the amount in controversy exceeds the threshold for diversity jurisdiction. Although the Watson Defendants are non-diverse parties, Defendants contend that the Watson Defendants were fraudulently joined by Plaintiff to defeat diversity jurisdiction.

Before the Court is Plaintiff's motion to remand, arguing that Defendants cannot meet their "heavy burden" to show fraudulent joinder.

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). Defendants rely solely on the second basis. As the removing parties, Defendants must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," Defendants must show that there is no possibility that Plaintiff would be able to establish a cause of action against the Watson Defendants in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[1] (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## DISCUSSION

### I. Inability to State Cause of Action

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 744-45 (Okla. 2008) (citation omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds…." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. 2003). "[C]onstructive fraud [or negligent misrepresentation] consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [his] prejudice, or to the prejudice of any one claiming under him[.]" *McDow v. State Farm Fire & Cas. Co.*, No. CIV-22-927-F, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (quoting Okla. Stat. tit. 15, § 59). "This duty could arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter." *Foster v. State Farm Fire & Cas. Co.*, No. CIV-24-222-PRW,

4

2025 WL 392728, at *3 (W.D. Okla. Feb. 4, 2025) (citing *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (citation omitted)).

Plaintiff asserts that "[w]hile Plaintiff maintains other claims against State Farm, her claim against Watson relates to the misrepresentations that resulted in Plaintiff's property being significantly underinsured." [Doc. No. 11, at 8]. After "consult[ing] with Watson about the sufficiency of the coverage for her property[,] … Watson advised Plaintiff that her policy limits were sufficient to replace her property in the event it was damaged or destroyed." *Id.* Further, "Plaintiff relied on Watson's representation that the coverage limits were sufficient to pay 100% of the actual cost to replace her property in the event of a loss." *Id.* Thereafter, Plaintiff's property was destroyed by a fire. According to Plaintiff, she "relied on Watson's representations and was damaged when the coverage limits did not accurately reflect the representations of Watson." *Id.* Although Defendants contend that it is Plaintiff's responsibility to select her coverage amounts, Plaintiff asserts that she "**did** communicate with Watson about her concern regarding the coverage limits[,]" and that Watson "affirmatively stated all the coverage limits were set at a dollar amount to fully replace her property if damaged or destroyed." *Id.* at 9.

Based on these allegations, the Court finds that Defendants have not met their heavy burden to establish—with complete certainty—that Plaintiff cannot state a claim against the Watson Defendants in state court. *See Johnson v. Shelter Mut. Ins. Co.*, No. 23-CV-351-RAW-GLJ, 2024 WL 1009548, at *3 (E.D. Okla. Feb. 16, 2024) (remanding a case in which "it [was] disputed that [the] policy met the amount Plaintiff requested and [the agent] represented it to be… Indeed, Plaintiff alleges that all cost estimates she received far exceed

the limits of the policy [the agent] procured for her and all disputed questions of fact and ambiguities in the controlling law must be resolved in favor of Plaintiff."). Here, Plaintiff alleges that she "specifically advised Watson she needed replacement cost coverage, and Watson represented $301,600.00 in coverage was sufficient to rebuild her home in the event of a loss[,]" and that "Watson's misrepresentations constituted a breach of the duty he voluntarily undertook when addressing this critical aspect of her insurance needs." [Doc. No. 11, at 18-19]. Plaintiff alleges that she relied on Watson's affirmative representations as to her coverage amount, and she was harmed as a result when—after a fire destroyed her home—the coverage amounts of her policy were woefully deficient. *Id.* at 8. Although Plaintiff's claims against the Watson Defendants are not a "sure-thing," the Court finds that Defendants have failed to show with complete certainty that Plaintiff cannot establish a claim against the Watson Defendants in state court. *See Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006); *Montano*, 2000 WL 525592, at *2 ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). Accordingly, Defendants have not met their "heavy burden" to establish fraudulent joinder.

## CONCLUSION

For the reasons stated herein, the Court finds that Defendants have not established fraudulent joinder, and this Court lacks subject-matter jurisdiction. **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Doc. No. 11] is **GRANTED**, and the case is **REMANDED** to the District Court of Cleveland County, Oklahoma. The Clerk of Court

shall mail a certified copy of this Order to the clerk of the District Court of Cleveland County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand. Based on the remand, the Court does not decide Defendants' Motions to Dismiss [Doc. Nos. 5, 6] and leaves those motions for the state court.

**IT IS SO ORDERED** this 1st day of December, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge